### MERCANTILE FINANCE CO. v. WELSH.

(Supreme Court, Appellate Term. January 17, 1905.)

1. MUNICIPAL CORPORATION—EMPLOYÉ—ASSIGNMENT OF SALARY—VALIDITY.

The promise of a city fireman, in consideration of the payment to him of a percentage of his monthly salary, to collect and turn over to the assignee thereof the whole amount, is contrary to public policy, and therefore unenforceable.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by the Mercantile Finance Company against Alexander Welsh. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Frayer, Stotesbury & Gregg, for appellant.

Kadane & Waldman, for respondent.

MacLEAN, J. Not to put it rudely, this action for conversion may be called a novel variation of an old variety of effort to recover upon an agreement legally immoral as against public policy. Welsh, a fireman in the public service of the city of New York, on February 1, 1904, made and delivered to the plaintiff his agreement assigning and selling, upon receipt of about 88 per cent. thereof, his anticipated salary for the month thus begun, and promising to collect said salary when due, and to turn over the whole amount collected to the plaintiff immediately. It may be that the like is done in this town every day in the week; more likely still about the 1st of every month; yet where, as here, the public functionary refuses to live up to his promise he cannot be constrained to do so in an action at law. It is ingeniously and strenuously argued that the present plan of circumvention, in that it first sets out a sale and then constitutes the official the buyer's agent, differs from predecessors, and is new. It is only novel. Its chief feature was ex-

¶ 1. See Assignments, vol. 4, Cent. Dig. § 23; Contracts, vol. 4, Cent. Dig. § 583.

hibited and condemned years ago, after able argument in its favor by lawyers of signal ability, in the elaborate opinion in the leading case in this state. Bliss v. Lawrence, 58 N. Y. 442, 14 Am. Rep. 273.

Judgment affirmed, with costs. All concur.